Martin J. Peck, #16273  
Security State Bank Building  
107 E. Harvey, Second Floor  
P.O. Box 421  
Wellington, KS 67152  
(620) 326-5997  
Fax (620) 326-6887  
peck@martinjpeck.com

Electronically Filed

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF KANSAS**
Sitting at Wichita

| | |
|---|---|
| In re GARY EUGENE HYDE and LuANNE (NMN) HYDE<br>Debtors. | Case No. 09-<br>Chapter 13 |

# CHAPTER 13 PLAN

Debtor or Debtors (hereafter Debtor) proposes:

1. **PLAN TERMS**:

   a. The Plan shall run for 60 months. In any event the Debtor reserves the right to extend the Plan to 60 months.

   b. Plan payments shall be in the following amounts:

   | $995.00 | for | 60 | months = | $59,700.00 |
   |---|---|---|---|---|
   | $0.00 | for | | months = | $0.00 |
   | $0.00 | for | | months = | $0.00 |
   | | | Total of all payments: | | $59,700.00 |

   c. Plan payments shall be made by employer pay order directed to Textron Service Center, 8000 Baymeadows Way, Jacksonville, FL 32256.

2. **APPLICABLE COMMITMENT PERIOD**: The Applicable Commitment Period is based upon the Debtor's Official Bankruptcy Form B22C. The amount proposed to be paid for unsecured debt is at least the amount required to be paid for the Applicable Commitment Period.

   a. The Applicable Commitment Period ("ACP") is: 60
   b. The disposable income is: $458.00
   c. The disposable income multiplied by the ACP is: $27,480.00

   **IF LINE 2(C) AS STATED ABOVE IS GREATER THAN ZERO, THEN IT IS ANTICIPATED THERE WILL BE FUNDS PAID TO GENERAL UNSECURED CREDITORS.**

3. **ADMINISTRATIVE FEES:**

   a. The Chapter 13 Trustee shall be paid up to 10% on all funds disbursed by her.

b. Debtor's attorney fees will be paid through the Plan the balance of fees as stated below. The balance of fees will be paid over the number of months stated below, but the Trustee may modify such monthly payment as is necessary to make the Plan feasible. Counsel for Debtor reserves the right to submit additional fee applications either on a time and charges basis or for specific tasks. The Debtor consents to such increases in plan payments as may be necessary to pay such additional fees.

| | |
|---|---:|
| Total fees for the case: | $2,100.00 |
| Total fees paid to date: | $0.00 |
| Total fees to be paid directly by Debtor: | $0.00 |
| **Balance of fees to be paid through the Plan:** | **$2,100.00** |
| Number of months over which fees shall be paid: | 6 |

4. **FILING FEE**: The filing fee will be paid by the Trustee from payments made by the Debtor.

5. **TAX RETURNS**:

a. Debtor will timely file all tax returns during the pendency of this case.

b. Federal and state tax returns for the preceding four years have been filed.

6. **DOMESTIC SUPPORT OBLIGATIONS:**

a. **Status**: The Debtor does NOT owe a domestic support obligation.

b. **[Omitted.]**

c. **[Omitted.]**

d. **[Omitted.]**

7. **PRIORITY TAX CLAIMS**:

a. **General Provision:** Debtor shall pay all allowed priority claims under 11 USC § 507, without post petition interest. The specific dollar amount to be paid shall be in accordance with the creditor's proof of claim, unless the debtor files an objection to the claim. If the taxing authority files a claim with a secured portion, the secured portion will be treated as a secured creditor pursuant to ¶ 10 as set forth below.

b. **Amounts Owed:** Debtor estimates that the following taxing authorities are owed the amounts indicated below.

| TAXING AUTHORITY | EST. AMOUNT OWED |
|---|---:|
| 1. Internal Revenue Service | $12,500.00 |
| 2. | $0.00 |

c. **Discharge**: Payments through the Trustee of the principal and pre-petition interest, if applicable, of the tax obligations due as of the date of the filing of the bankruptcy

petition shall result in a full and total discharge of all obligations of the Debtor for those taxes.

    8.    **PROPERTY TO BE SURRENDERED:** The following property will be surrendered as indicated:

    <u>PROPERTY TO BE SURRENDERED</u>    <u>CREDITOR WITH SECURED CLAIM</u>
    None.

Any repossession/foreclosure prior to confirmation of this plan must be obtained by filing a motion and obtaining an order from the Court, unless the automatic stay no longer applies under 11 U.S.C. § 362(c). Upon plan confirmation, the automatic stay will be deemed lifted for the collateral identified above for surrender and the creditor need not file a Motion to Lift Stay in order to repossess, foreclose upon or sell the collateral. This provision is not intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.[OTHER PERTINENT PROVISIONS FOR ¶ 8]

    9.    **REAL ESTATE MORTGAGES:** **<u>This paragraph 9 does not follow the form plan suggested by the Standing Chapter 13 Trustee for the Wichita Division.</u>**

    a.    Debtor is current on all pre-petition mortgage payments, and is not required to pay through the plan as set out in U.S. Bankr. Ct. D. Kan. S.O. 08-1.

    b.    **Bank of America Home Loans, Residential Mortgage.** Bank of America Home Loans is the holder of a partially unsecured claim, account number 168668433, on the debtors' residential real estate, consisting of a manufactured home, valued at $39,130.00, and other real estate, valued at $24,260.00.

    (i)    Debtors will pay, outside the plan, and directly to the creditor, the following components of the debtors' home mortgage payment:

    (A) The full escrow amount, as that may be appropriately determined from time to time by the creditor. Said payment is presently $335.40.

    (B) As of July 29, 2009, the principal balance due was $74,845.89, of which 38.27%, or $28,644.29 as of July 29, 2009, is attributable to the real estate. Therefore, of the principal and interest amount of the debtor's current payment, which is $695.34, the debtors will continue to pay 38.27%, or $266.11, which will properly amortize the loan over the remainder of the original fifteen-year term of the loan.

    (ii)    The debtors will, by the filing of an appropriate adversary action, will strip the lien on the debtors' manufactured home and pay the value of that lien, which the debtors calculate to be $15,974.78, through the plan.

U.S. Bankruptcy Court, District of Kansas
CHAPTER 13 PLAN
*In re Gary Eugene Hyde and LuAnne Hyde*
Case number 09-_____-13

(iii)    In the event the debtors make all payments required under the terms of this Chapter 13 Plan, as confirmed, upon the debtors' discharge, creditor Bank of America's mortgage lien on the debtors' residential real estate, commonly known as 14259 3rd Dr., Oxford, Kansas, and legally described as

> Beginning at a point 660 feet West and 700 feet South of the Northeast corner of the Northwest Quarter of Section 7, Township 32 South, Range 3 East of the 6th P.M., Cowley County, Kansas; thence West 1306.8 feet with a right deflection angle of 91° 14' 40" to a point on the East bank of Arkansas River; thence Southeast along said bank 212.13 feet; thence East 1156.8 feet; thence North 150 feet to the place of beginning,

shall be deemed to be limited to the principal balance remaining on the balance set out in ¶ 9(b)(i)(B), above after properly crediting the payments called for by that provision. An amortization schedule presuming timely payments for direct payments made to the creditor during the life of the Plan is as follows:

|    | Date     | Payment Amount | Accrued Interest | Principal Paid | Interest Paid | Principal Balance |
|----|----------|----------------|------------------|----------------|---------------|-------------------|
|    | 07/15/09 |                |                  |                |               | $28,644.29        |
| 1  | 08/01/09 | $266.11        | $80.05           | $186.06        | $80.05        | $28,458.23        |
| 2  | 09/01/09 | $266.11        | $145.02          | $121.09        | $145.02       | $28,337.14        |
| 3  | 10/01/09 | $266.11        | $139.74          | $126.37        | $139.74       | $28,210.77        |
| 4  | 11/01/09 | $266.11        | $143.76          | $122.35        | $143.76       | $28,088.42        |
| 5  | 12/01/09 | $266.11        | $138.52          | $127.59        | $138.52       | $27,960.83        |
| 6  | 01/01/10 | $266.11        | $142.49          | $123.62        | $142.49       | $27,837.21        |
| 7  | 02/01/10 | $266.11        | $141.86          | $124.25        | $141.86       | $27,712.96        |
| 8  | 03/01/10 | $266.11        | $127.56          | $138.55        | $127.56       | $27,574.41        |
| 9  | 04/01/10 | $266.11        | $140.52          | $125.59        | $140.52       | $27,448.82        |
| 10 | 05/01/10 | $266.11        | $135.36          | $130.75        | $135.36       | $27,318.07        |
| 11 | 06/01/10 | $266.11        | $139.21          | $126.90        | $139.21       | $27,191.17        |
| 12 | 07/01/10 | $266.11        | $134.09          | $132.02        | $134.09       | $27,059.15        |
| 13 | 08/01/10 | $266.11        | $137.89          | $128.22        | $137.89       | $26,930.93        |
| 14 | 09/01/10 | $266.11        | $137.24          | $128.87        | $137.24       | $26,802.06        |
| 15 | 10/01/10 | $266.11        | $132.17          | $133.94        | $132.17       | $26,668.12        |
| 16 | 11/01/10 | $266.11        | $135.90          | $130.21        | $135.90       | $26,537.91        |
| 17 | 12/01/10 | $266.11        | $130.87          | $135.24        | $130.87       | $26,402.67        |
| 18 | 01/01/11 | $266.11        | $134.55          | $131.56        | $134.55       | $26,271.11        |
| 19 | 02/01/11 | $266.11        | $133.87          | $132.24        | $133.87       | $26,138.87        |
| 20 | 03/01/11 | $266.11        | $120.31          | $145.80        | $120.31       | $25,993.07        |
| 21 | 04/01/11 | $266.11        | $132.46          | $133.65        | $132.46       | $25,859.42        |
| 22 | 05/01/11 | $266.11        | $127.53          | $138.58        | $127.53       | $25,720.84        |
| 23 | 06/01/11 | $266.11        | $131.07          | $135.04        | $131.07       | $25,585.80        |
| 24 | 07/01/11 | $266.11        | $126.18          | $139.93        | $126.18       | $25,445.87        |

| | Date | Payment Amount | Accrued Interest | Principal Paid | Interest Paid | Principal Balance |
|---|---|---|---|---|---|---|
| 25 | 08/01/11 | $266.11 | $129.67 | $136.44 | $129.67 | $25,309.43 |
| 26 | 09/01/11 | $266.11 | $128.97 | $137.14 | $128.97 | $25,172.29 |
| 27 | 10/01/11 | $266.11 | $124.14 | $141.97 | $124.14 | $25,030.32 |
| 28 | 11/01/11 | $266.11 | $127.55 | $138.56 | $127.55 | $24,891.76 |
| 29 | 12/01/11 | $266.11 | $122.75 | $143.36 | $122.75 | $24,748.40 |
| 30 | 01/01/12 | $266.11 | $126.12 | $139.99 | $126.12 | $24,608.41 |
| 31 | 02/01/12 | $266.11 | $125.40 | $140.71 | $125.40 | $24,467.70 |
| 32 | 03/01/12 | $266.11 | $116.64 | $149.47 | $116.64 | $24,318.23 |
| 33 | 04/01/12 | $266.11 | $123.92 | $142.19 | $123.92 | $24,176.04 |
| 34 | 05/01/12 | $266.11 | $119.22 | $146.89 | $119.22 | $24,029.15 |
| 35 | 06/01/12 | $266.11 | $122.45 | $143.66 | $122.45 | $23,885.49 |
| 36 | 07/01/12 | $266.11 | $117.79 | $148.32 | $117.79 | $23,737.17 |
| 37 | 08/01/12 | $266.11 | $120.96 | $145.15 | $120.96 | $23,592.02 |
| 38 | 09/01/12 | $266.11 | $120.22 | $145.89 | $120.22 | $23,446.13 |
| 39 | 10/01/12 | $266.11 | $115.62 | $150.49 | $115.62 | $23,295.64 |
| 40 | 11/01/12 | $266.11 | $118.71 | $147.40 | $118.71 | $23,148.24 |
| 41 | 12/01/12 | $266.11 | $114.16 | $151.95 | $114.16 | $22,996.29 |
| 42 | 01/01/13 | $266.11 | $117.19 | $148.92 | $117.19 | $22,847.37 |
| 43 | 02/01/13 | $266.11 | $116.43 | $149.68 | $116.43 | $22,697.69 |
| 44 | 03/01/13 | $266.11 | $104.47 | $161.64 | $104.47 | $22,536.05 |
| 45 | 04/01/13 | $266.11 | $114.84 | $151.27 | $114.84 | $22,384.78 |
| 46 | 05/01/13 | $266.11 | $110.39 | $155.72 | $110.39 | $22,229.06 |
| 47 | 06/01/13 | $266.11 | $113.28 | $152.83 | $113.28 | $22,076.23 |
| 48 | 07/01/13 | $266.11 | $108.87 | $157.24 | $108.87 | $21,918.99 |
| 49 | 08/01/13 | $266.11 | $111.70 | $154.41 | $111.70 | $21,764.58 |
| 50 | 09/01/13 | $266.11 | $110.91 | $155.20 | $110.91 | $21,609.38 |
| 51 | 10/01/13 | $266.11 | $106.57 | $159.54 | $106.57 | $21,449.84 |
| 52 | 11/01/13 | $266.11 | $109.31 | $156.80 | $109.31 | $21,293.04 |
| 53 | 12/01/13 | $266.11 | $105.01 | $161.10 | $105.01 | $21,131.94 |
| 54 | 01/01/14 | $266.11 | $107.69 | $158.42 | $107.69 | $20,973.52 |
| 55 | 02/01/14 | $266.11 | $106.88 | $159.23 | $106.88 | $20,814.29 |
| 56 | 03/01/14 | $266.11 | $95.80 | $170.31 | $95.80 | $20,643.98 |
| 57 | 04/01/14 | $266.11 | $105.20 | $160.91 | $105.20 | $20,483.07 |
| 58 | 05/01/14 | $266.11 | $101.01 | $165.10 | $101.01 | $20,317.97 |
| 59 | 06/01/14 | $266.11 | $103.54 | $162.57 | $103.54 | $20,155.40 |
| 60 | 07/01/14 | $266.11 | $99.40 | $166.71 | $99.40 | $19,988.69 |
| 61 | 08/01/14 | $266.11 | $101.86 | $164.25 | $101.86 | $19,824.44 |

c. **Bank of America Home Loans, Son's Mortgage.** Bank of America Home Loans, is the holder of a mortgage, account number 179477017, in real estate titled in the debtors' name but equitably owned by the debtors' son. The debtors' son will pay, outside the plan and directly to the creditor, according to original contract terms the debtors' mortgage debt to Bank of America Home Loans on account number 168668433.

10. **SECURED CREDITORS OTHER THAN DEBTS SECURED BY REAL ESTATE.**

    a.    **Lien retention:** All secured creditors, including 910 car loan as defined by 11 USC § 1325(a)(9) and "One year loan" creditors as defined by 11 USC § 1325(a)(9) shall retain their liens pursuant to 11 USC § 1325(a)(5). Secured creditors, 910 car loan creditors and One Year Loan creditors will be required to release their liens on the collateral at discharge or when the claim plus interest is paid in full, whichever comes first.

    b.    **Adequate Protection: A CREDITOR MUST FILE A CLAIM TO OBTAIN ADEQUATE PROTECTION AND TO RECEIVE PAYMENTS UNDER THE PLAN. THE PLAN, HOWEVER, WILL DETERMINE THE VALUE OF THE COLLATERAL UNLESS THE OBLIGATION IS A 910 CAR LOAN OR A ONE YEAR LOAN CLAIM.** In the event pre-confirmation adequate protection is paid, any adequate protection paid pre confirmation will be credited against the allowed secured claim as if the plan were confirmed. All adequate protection payments will be made through the Chapter 13 Trustee pursuant to D. Kan. LBR 3015(b).1(g). Secured creditors will be paid monthly payments as set forth below from the funds available to pay those claims after the deduction of Trustee fees. If the monthly payment to a secured creditor is not feasible by $25.00 or less, the Trustee is authorized to adjust the payment up or down to make the payment feasible, as long as there are sufficient funds available from the plan payments to adjust the specific monthly payment(s) as necessary.

    c.    **General Secured Claims:**

    1.    Secured creditors (*not 910 car loan or 1 year loan creditors*) listed below shall be paid the value of their collateral or the amount of the claim, whichever is less, unless otherwise specified, plus the current discount rate.

    2.    The Monthly Payment stated below is the amount of adequate protection to be paid each month as if the plan were confirmed *for the amount scheduled below for the length of plan proposed in paragraph 1(a), above.*. It is also the monthly amount that will be paid upon confirmation. *Provided, however, if the allowed secured claim differs from that set out below, or if the proposed plan is extended in the confirmation order, the monthly payment subsequent to confirmation will be the amount necessary to amortize the creditor's allowed secured claim over the life of the plan.*

    3.    Interest will be paid on the secured claims at the following rate:

- 6 -

☑ Trustee's current discount rate; or, ☐ %

| CREDITOR | COLLATERAL | DEBT | VALUE | MONTHLY PAYMENT |
|---|---|---|---|---|
| Dell Financial Services | Computer | $2,821.80 | $250.00 | $4.69 |
| Cessna Employees' Credit Union | 2004 Nissan Sentra | $6,682.63 | $4,105.00 | $77.00 |
| Cessna Employees' Credit Union | 2004 Chevrolet C2500 LT | $17,716.15 | $15,460.00 | $289.98 |

**(For vehicles, please specify the make, model, year, mileage and condition and the method used for determining value.)**

    **d.    910 CAR LOAN CREDITORS.** The following creditors are "910" creditors, as defined in 11 USC § 1325(a)(9) who claim a purchase money security interest in a motor vehicle acquired for the personal use of the debtor. The Debtor may not cram down the value without the creditor's agreement if the collateral is a motor vehicle acquired for the personal use of the Debtor. Creditors with 910 car loans will be paid the amount of their claim. The Monthly Payment specified is an estimate and the actual amount may vary, depending upon the allowed claim. The Monthly Payment stated below is the amount of adequate protection to be paid each month as if the plan were confirmed. It is also the monthly amount that will be paid upon confirmation. *Provided, however, if the allowed secured claim differs from that set out below, or if the proposed plan is extended in the confirmation order, the monthly payment subsequent to confirmation will be the amount necessary to amortize the creditor's allowed secured claim over the life of the plan.* Interest will be paid on the secured claims at the following rate: ☑ Trustee's current discount rate; or, ☐ %

| CREDITOR | COLLATERAL | DEBT | VALUE | MONTHLY PAYMENT |
|---|---|---|---|---|
| Cessna Employees' Credit Union | 2002 Chevrolet Venture Van | $4,364.94 | $1,500.00 | $81.86 |

    **e.    One Year Loan Creditors** The following creditors are One Year Loan creditors, as defined in 11 USC § 1325(a)(9). Debtor proposes to pay these creditors the balance of the debt as indicated below. The following creditors have a purchase money security interest in personal property other than a motor vehicle acquired for the personal

- 7 -

use of the Debtor. These claims are for debts incurred within the one-year preceding the filing of the bankruptcy petition. The Monthly Payment specified is an estimate and the actual amount may vary, depending upon the allowed claim. The Monthly Payment stated below is the amount of adequate protection to be paid each month as if the plan were confirmed. It is also the monthly amount that will be paid upon confirmation. *Provided, however, if the proposed plan is extended from the length proposed in paragraph 1(a), above, in the confirmation order, the monthly payment subsequent to confirmation will be the amount necessary to amortize the creditor's allowed secured claim over the life of the plan*. Interest will be paid on the secured claims at the following rate: ☐ Trustee's current discount rate; or, ☐ ____%.

**CREDITOR      COLLATERAL      DEBT      VALUE      MONTHLY PAYMENT**
None

11. **LIEN AVOIDANCES:** Debtor will seek to avoid the following liens under 11 USC § 522(f) by the filing of an appropriate motion: None.

**CREDITOR                              COLLATERAL**

12. **SPECIAL CLASS CREDITORS:** None.

13. **STUDENT LOAN OBLIGATIONS:** None.

14. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES:** Post-petition payments on executory contracts and unexpired leases that are assumed shall be paid directly to the creditor, unless otherwise specified. Any pre-petition arrearages shall be cured by payments to be made directly to the creditor by the Debtor, unless otherwise specified.

15. **PLAN AMENDMENTS:** Debtor hereby reserves the right to modify this plan pursuant to 11 USC 1329 and to include post-petition debt pursuant to 11 USC § 1322(b)(6).

16. **GENERAL UNSECURED CREDITORS:** General unsecured claims will be paid after all other unsecured claims, including administrative and priority, from the funds to be paid to unsecured creditors either as determined by Official Bankruptcy Form B22C or through satisfaction of the "best interests of creditors test" pursuant to 11 USC § 1325(a)(4)**,** or both, if applicable.

17. **"BEST INTERESTS OF CREDITORS TEST."** Pursuant to 11 USC 1325 § (a)(4), Debtor proposes to pay the liquidation value of the property listed below. (List property, explain how the computation of the liquidation value was made or attach a separate document explaining this.) This amount is included in the Plan Terms in ¶ 1 above.

  a. **Total liquidation value:** $24,087.78.
  b. **Explanation of Calculation:**

| | |
|---|---|
| Value of Bank of America Lien to be avoided: | $15,974.78 |
| Net liquidation value of non-exempt personal property, calculated at 70% of gross value of said property: | $8,050.00 |
| Stamp collection | $100.00 |
| 1968 1.5 ton flatbed truck | $800.00 |
| 1990 Gooseneck Flatbed trailer | $2,500.00 |
| 46' semi trailer | $1,600.00 |
| Small tools | $1,800.00 |
| Millennium Mill | $3,000.00 |
| Plasma cutter | $600.00 |
| Lathe & press | $700.00 |
| LP8500 Electric winch | $300.00 |
| Drill | $100.00 |
| Total | $24,024.78 |

18. **PROPERTY OF THE ESTATE**: In addition to the property specified in 11 USC § 541, property of this bankruptcy estate includes all property acquired after the filing of the bankruptcy petition, including earnings. Except as otherwise provided, the Debtor shall remain in possession of all property of the estate.

19. **EFFECT OF CONFIRMATION:**

  **a. ANY CREDITOR FAILING TO OBJECT TO CONFIRMATION OF THE PLAN IS DEEMED TO HAVE ACCEPTED THE PLAN. AN AGREED ORDER MAY BE ENTERED RESOLVING OBJECTIONS TO CONFIRMATION. ONCE CONFIRMED BY THE COURT, THIS PLAN BINDS THE DEBTOR AND EACH CREDITOR, WHETHER OR NOT THE CLAIM OF SUCH CREDITOR IS PROVIDED FOR BY THE PLAN, AND**

**WHETHER OR NOT SUCH CREDITOR HAS ACCEPTED, REJECTED OR OBJECTED TO THE PLAN.**

b. All property of the estate will vest in the debtor at discharge or dismissal of the case.

c. Confirmation of the plan shall be deemed a finding by the Bankruptcy Court that the Debtor has complied with all of the applicable sections of 11 USC §§1322 and 1325 and that Debtors have fulfilled all of their pre confirmation obligations under 11 USC § 521.

Dated July 29, 2009.

Respectfully submitted,

/s/ Martin J. Peck
Martin J. Peck, #16273
Security State Bank Building
107 E. Harvey, Second Floor
P.O. Box 421
Wellington, KS 67152
(620) 326-5997
Fax (620) 326-6887
peck@martinjpeck.com

/s/ Gary E Hyde
Gary Eugene Hyde

/s/ LuAnne Hyde
LuAnne Hyde
*Revised 9/30/08*
MJP ver. April 15, 2009